**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NORTHERN BOULEVARD AUTOMALL, LLC, d/b/a LONG ISLAND CITY VOLKSWAGEN,<br><br><br><br>Debtor. | **Case No.:** 1:20-mc-00142 (RPK)<br><br>**Date of Service:** April 22, 2020 |
| RICHARD J. MCCORD, ESQ., as Chapter 11Trustee for the Estate of NORTHERN BOULEVARD AUTOMALL, LLC, d/b/a LONG ISLAND CITY VOLKSWAGEN,<br><br>Plaintiff,<br><br>-against-<br><br>5615 NORTHERN, LLC, 142 NORTH, LLC, 54 BWAY, LLC, DIO LONG, LLC, 2545 BORDEN, LLC, DIO NORTH, LLC, VALLEY MERRICK, LLC, and SPYRO AVDOULOS,<br><br><br>Defendants. | **Bankr. Case No:**19-41398-nhl<br><br>**Adv. Pro. No.:** 1-19-01070-nhl |
| 5615 NORTHERN, LLC, 142 NORTH, LLC, 54 BWAY, LLC, DIO LONG, LLC, 2545 BORDEN, LLC, DIO NORTH, LLC, VALLEY MERRICK, LLC, and SPYRO AVDOULOS,<br><br><br>Third-Party Plaintiffs,<br><br>-against-<br><br>NIKOLAOS LETSIOS a/k/a NICK LETSIOS, MARINA LETSIOS, JANET BEBRY, GEORGE S. PAPANTONIOU, VALLEY AUTO SHOW, LLC, JOHN MARCIANO, RESPECT AUTO QUEENS I, LLC, STEVAN H. LABONTE and LABONTE LAW GROUP PLLC<br><br><br>Third-Party Defendants. | **REPLY MEMORANDUM OF LAW OF DEFENDANTS/THIRD-PARTY PLAINTIFFS 5615 NORTHERN, LLC, 142 NORTH, LLC, 54 BWAY, LLC, DIO LONG, LLC, 2545 BORDEN, LLC, DIO NORTH, LLC, VALLEY MERRICK, LLC, and SPYRO AVDOULOS, IN FURTHER SUPPORT OF THEIR MOTION FOR WITHDRAWAL OF THE REFERENCE** |

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL ARGUMENT ......................................................................................................... 4

A.   Withdrawal of the Reference for the Entire Adversary Proceeding Is Appropriate Because the Majority of the Claims are Non-Core and the District Court is the Only Court with Authority and Jurisdiction to Adjudicate All Claims ...................................... 4

B.   Withdrawal of the Reference Would Not Violate the Administrative Order ................ 10

C.   The Motion for Withdrawal of the Reference Is Timely ................................................ 11

E.   The Third-Party Plaintiffs' Claims Are Not Derivative .................................................. 14

CONCLUSION ...................................................................................................................... 21

# **TABLE OF AUTHORITIES**

## Cases

*Bankers Trust Co. v. Rhoades,* 859 F.2d 1096 (2d Cir. 1988),
 *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1642, 1643 (1989) ...................................................... 15

*Cumberland Oil Corp. v. Thropp,* 791 F.2d 1037 (2d Cir. 1985),
 *cert. denied,* 479 U.S. 950, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986) ......................................... 15

*Dardashtian v. Gitman*, 2017 U.S. Dist. LEXIS 196271 (S.D.N.Y 2017) (17 Civ. 4327) ......... 16

*Development Specialists, Inc. v. Peabody Energy Corp. (In re Coudert Brothers)*,
 No. 11 Civ. 4949, 2011 U.S. Dist. LEXIS 135990 (S.D.N.Y. Nov. 23, 2011) ......................... 4

*Geron v. Levine (In re Levine)*, No. 11 Civ. 9101,
 2012 U.S. Dist. LEXIS 12292 (S.D.N.Y. Feb. 1, 2012) ............................................................ 7

*In re Bernard L. Madoff Inv. Sec. LLC,* No.18-CV-9916 (VSB),
 2020 WL 915822 (S.D.N.Y. Feb. 26, 2020) ............................................................................. 13

*In Re Bernard L. Madoff Inv. Securities LLC*, 740 F.3d 81 (2d Cir. 2014) ................................. 14

*In re Texaco, Inc.*, 84 BR 911 (Bankr. S.D.N.Y. 1988) ............................................................... 11

*Interconnect Tel Servs, Inc.*, 59 B.R. 3 (S.D.N.Y. 1986) ....................................................... 11, 12

*Joseph DelGreco & Co., Inc. v. DLA Piper LLP (In re Joseph DelGreco & Co., Inc.*),
 No.10-cv-6422, 2011 U.S. Dist. LEXIS 10972 (S.D.N.Y. Jan. 26, 2011) ................................ 4

*Kalikow v. Shalik,* 43 Misc. 3d 817, 986 N.Y.S.2d 762, 768 (N.Y. Sup. Ct. 2014) .................... 16

*Kentile Floors v. Congoleum Corp. (In re Kentile Floors)*,
 95 Civ. 2470 (LLS), 1995 U.S. Dist. LEXIS 11421 (S.D.N.Y. Aug. 9, 1995) ........................ 12

*Kramer v. Mahia*, No. 12-MC-794 (DLI),
 2013 U.S. Dist. LEXIS 55728 (E.D.N.Y. Apr. 15, 2013) ..................................................... 4, 5

*Lehman Bros. Holdings, Inc. v. JPMorgan Chase Bank, N.A.*
 *(In re Lehman Bros. Holdings, Inc.)*, 480 B.R. 179 (S.D.N.Y. 2012) ........................................ 4

*Nisselson v. Salim*, 2013 U.S. Dist. LEXIS 42556 (S.D.N.Y. Mar. 24, 2013) .............................. 5

*Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*,
    4 F.3d 1095 (2d Cir. 1993)................................................................. 6

*Picard v. JPMorgan Chase & Co. (In re Bernard L. Madoff Inv. Sec. LLC)*,
    721 F.3d 54, 70 (2d Cir. 2013)............................................................ 15

*Pryor v. Tromba*, No. 13-CV-676 (JFB),
    2014 U.S. Dist. LEXIS 47969 (E.D.N.Y. Apr. 7, 2014) ................................... 11, 13

*Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011) ............................................. 5

**Statutes**

11 U.S.C. § 510(c) ........................................................................ 6

11 U.S.C. § 544 .......................................................................... 6

11 U.S.C. § 550(a) ....................................................................... 6

11 U.S.C. § 551 .......................................................................... 6

28 U.S.C. § 157(d) ...................................................................... 11

Third-Party Plaintiffs Spyro Avdoulos ("Avdoulos"), 5615 Northern, LLC, 142 North, LLC, 54 Bway, LLC, Dio Long, LLC, 2545 Borden, LLC, Dio North, LLC, and Valley Merrick, LLC (collectively the "Landlord Entities," and together with Avdoulos, the "Third-Party Plaintiffs") respectfully submit this Reply Memorandum of Law in further support of their motion for withdrawal of the reference.

## PRELIMINARY STATEMENT

None of the parties that opposed the motion for withdrawal of the reference have offered persuasive reasons to justify their positions, nor has any party claimed to have been prejudiced in any way as a result of the timing of the motion.

In opposition, Third-Party Defendants Nikolaos Letsios, Marina Letsios, and Janet Bebry (hereinafter the "Management Defendants") argue that "judicial efficiency and uniformity of bankruptcy administration" warrant denial of the motion, even while they concede that the Bankruptcy Court lacks authority to adjudicate the claims, which are predominately non-core.  In fact, most of the claims asserted by the Trustee in the Adversary Proceeding, and *all* of the claims asserted by the Third-Party Defendants, are fundamentally non-core claims based squarely on New York state law.

As to the Management Defendants claim that the Bankruptcy Court has attained "immense familiarity" with the bankruptcy estate, the procedural posture of the Adversary Proceeding reveals that the Adversary Proceeding is in the beginning stages and no party has claimed prejudice by the lapse of time.  The Management Defendants have not yet filed pleadings and Judge Lord has abstained from considering their motion to dismiss until the instant motion is decided by the District Court.  Furthermore, no discovery has been taken and the Bankruptcy Court has not set a discovery schedule.

1

While the Third-Party Defendants Respect Auto Queens I, LLC ("Respect") and John Marciano ("Marciano", and collectively with Respect, the "Respect Defendants") argue that *Eastern District Administrative Order* 601 (2012) (the "2012 Standing Order") mandates that the Adversary Proceeding remain in the Bankruptcy Court, this argument is premised upon a misreading of the 2012 Standing Order, which in applicable where, as here, the claims at issue are predominantly non-core claims. The Respect Defendants, like the Management Defendants, ignore the fact that a majority of the claims asserted by the Trustee in the Adversary Proceeding and all of the claims asserted by the Third-Party Plaintiffs are non-core claims.

Richard J. McCord, Esq., as the Chapter 7 Trustee of the Estate (the "Trustee") of Northern Boulevard Automall LLC d/b/a Long Island City Volkswagen (the "Debtor") objects to withdrawal on the basis that the motion is untimely, even though the case is still in the pleading phase, no discovery has been taken or exchanged, and as the Trustee is well-aware, the Bankruptcy Court had adjourned the initial pre-trial conference in the Adversary Proceeding multiple times until after the sale of the Debtor's assets was completed to focus the parties on closing the sale. The Bankruptcy Court has not yet entered a scheduling order setting dates for discovery or dispositive motions in the Adversary Proceeding. None of the parties opposing this motion have asserted that they would be prejudiced by withdrawal by the order reference. Thus, there is no merit to the claim that the motion is untimely.

The Trustee's contention that the motion is motivated by forum shopping is equally misguided. The Bankruptcy Court has not opined on any substantive matters in the case, and indeed, Judge Lord has abstained from considering the pending motions to dismiss until after this Court decides the instant motion to withdraw the reference.

The Trustee's contention that the Third-Party Claims could have been brought in New York state court complete undercuts one the main rationales for motions for withdrawal of the reference, namely, the consistency and judicial economy. Indeed, the Trustee's suggestion that the Third-Party Claims should have been brought in State Court is a thinly veiled attempt to delay and obstruct, since the Trustee is well-aware that a separate state court proceeding involving the same issues in the Adversary Proceeding would not only present the risk of inconsistent findings on material issues (i.e., such as the validity of the "Rent Concession Agreement"), but would duplicate and waste tremendous judicial resources.  The District Court is the only court that has the authority and jurisdiction to hear all of the claims – both core and non-core claims – in one forum, in a single proceeding.

Lastly, the Trustee's contention that "all" of the Third-Party Plaintiff's claims are derivative of the Debtor's claims, and therefore, only the Trustee has standing to bring them, is based on a gross misreading of the Amended Third-Party Complaint ("Amended TPC").  Indeed, the Trustee apparently based this argument upon the first five paragraphs of the Amended TPC, which the Trustee cites in its objection, but then ignores the 230 Paragraphs (and thirteen separate causes of action) that followed.  Had the Trustee reviewed the entire Amended TPC, he would have realized that the Third-Party Claims seek to recover damages and losses that are unique to the Third-Party Plaintiffs, which the Trustee has no interest in, or standing to assert.

Accordingly, for the reasons set forth herein, the motion to withdraw the reference should be granted in its entirety.

## LEGAL ARGUMENT

**A.**     **Withdrawal of the Reference for the Entire Adversary Proceeding Is Appropriate Because the Majority of the Claims are Non-Core and the District Court is the Only Court with Authority and Jurisdiction to Adjudicate All Claims**

Reference of the Adversary Proceeding to the Bankruptcy Court should be withdrawn because the claims asserted by the Trustee are predominantly non-core claims and the claims asserted in the Amended TPC are all non-core.  Moreover, the Bankruptcy court does not have constitutional authority to issue final judgment as to the core claims because the Bankruptcy Court does not have constitutional authority to issue final adjudication over either the core claims or non-core claims.

"[I]n evaluating a motion to withdraw… the principal question is no[t] … whether the claim in question is 'core' or 'non-core' pursuant to the Bankruptcy Code but whether the bankruptcy court has constitutional authority to enter final judgment on the claims at issue." *Kramer v. Mahia*, No. 12-MC-794 (DLI), 2013 U.S. Dist. LEXIS 55728, at *11 (E.D.N.Y. Apr. 15, 2013) (*quoting Lehman Bros. Holdings, Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings, Inc.)*, 480 B.R. 179, 192 (S.D.N.Y. 2012)).

Core claims are properly are those that are unique to the bankruptcy process since they involve rights created by bankruptcy law or that can only arise in a bankruptcy case. *See, e.g.*, *Kirschenbaum*, 491 B.R. at 203.  In contrast, "an action that does not depend on the bankruptcy laws for its existence and which could proceed in a court that lacks federal bankruptcy jurisdiction is non-core." *Development Specialists, Inc. v. Peabody Energy Corp. (In re Coudert Brothers)*, No. 11 Civ. 4949, 2011 U.S. Dist. LEXIS 135990, at *9 (S.D.N.Y. Nov. 23, 2011) (*quoting Joseph DelGreco & Co., Inc. v. DLA Piper LLP (In re Joseph DelGreco & Co., Inc.*), No.10-cv-6422, 2011 U.S. Dist. LEXIS 10972, at *7 (S.D.N.Y. Jan. 26, 2011)).  Non-core claims, such as those

4

predominantly at issue here, are not rendered "core" simply because a claimant labels them as such. *Development Specialists, Inc.*, 2011 U.S. Dist. LEXIS 135990, at *10 ("[T]he Court is not obliged to heed the styling of a claim as a core bankruptcy claim where, in substance, it is not."). Moreover, "proceedings are not rendered core simply because they may involve property of the estate which one day may be used to satisfy creditors." *Id*. at *13.

However, merely because a cause of action is a core claim does not confer constitutional authority upon the Bankruptcy Court to adjudicate the claim.  "A bankruptcy court has final adjudicative authority over a core claim only if the claim falls under one of the three *Stern* exceptions: (1) the public rights exception; (2) the claim is resolved in ruling on a creditor's proof of claim; or (3) the parties unanimously consent to bankruptcy court jurisdiction." *Mahia*, No. 12-MC-794 (DLI), 2013 U.S. Dist. LEXIS 55728, at *11.

As to the public rights exception – the only exception that is potentially applicable here – Courts have repeatedly found that claims for fraudulent conveyance under the bankruptcy code, do not meet the public right exception. *Stern v. Marshall*, 564 U.S. 462, 493, 131 S. Ct. 2594 (2011); *Mahia*, No. 12-MC-794 (DLI), 2013 U.S. Dist. LEXIS 55728, at *12-13 ("There is an 'emerging consensus' in this circuit post-*Stern* that 'the Bankruptcy Court does not ordinarily have constitutional authority to enter a final decision on avoidance claims because, although they may be core bankruptcy matters, they concern private rights.'" (*quoting Nisselson v. Salim*, 2013 U.S. Dist. LEXIS 42556, at *4 (S.D.N.Y. Mar. 24, 2013))).

Here, a careful review of each of the 23 total causes of actions asserted in the Adversary Complaint and the Amended TPC reveals that most of the claims asserted in the Adversary Complaint are non-core claims rooted in New York State law, while the core claims are based on alleged fraudulent conveyances.   Indeed, of the 23 claims at issue only eight of them directly

involve rights created by bankruptcy law, but those eight claims seek to void transfers based on both federal and state fraudulent conveyance statutes.[1]

The remaining two *Stern* exceptions are not applicable to the instant action. None of the claims in the Adversary Proceeding can be decided in ruling on a creditor's proof of claim. Furthermore, there is not unanimous consent to the bankruptcy court's jurisdiction.  Accordingly, since the claims at issue are either non-core, or core claims that do not satisfy the *Stern* exceptions, the Bankruptcy Court lacks authority to render final judgment on all of the claims before it.

Moreover, the *Orion* factors, which courts examine in determining a motion for withdrawal of the reference, weigh in favor of the Third-Party Plaintiffs.[2]  The *Orion* factors are: (i) whether the claim [or proceeding] is core or non-core; (ii) what is the most efficient use of judicial resources; (iii) what is the delay and what are the costs to the parties; (iv) what will promote uniformity of bankruptcy administration; (v) what will prevent forum shopping; and (vi) other related factors. *See*, *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993)

As to the first *Orion* factor, the majority of the claims in this proceeding are non-core claims and the Bankruptcy Court lacks authority to decide the core claims for fraudulent conveyances. The Amended Third-Party Complaint ("TPC") asserts thirteen causes of action, *all*

---

[1] The Trustee's First Cause of Action is for breach of fiduciary duties of care and loyalty against Avdoulos under New York state law.  Adv. Proc., Doc. 1, p. 16.  The Second Cause of Action asserted by the Trustee sought injunctive relief preventing the Third-Party Plaintiffs from exercising certain rights or taking actions against the Debtor in connection with the Debtor's use and occupancy of certain real estate during the bankruptcy proceedings, which is now moot.  Adv. Proc., Doc. 1, p. 20.  The Trustee's Third, Fourth and Fifth Causes of Action seek avoidance and recovery under 11 U.S.C. §§ 548(a) and (b), while the Sixth through Ninth Causes of Action are based primarily on New York Debtor Creditor Law, along with its federal counterpart, 11 U.S.C. §§ 544, 550(a) and 551.  Adv. Proc., Doc. 1, pp. 24-28.  The Trustees Tenth Cause of Action seeks an accounting under New York state law, while the Eleventh Cause of Action (mislabeled as the Fourteenth) seeks equitable subordination under 11 U.S.C. § 510(c).   Avdoulos Adv. Proc. D.E. 1, pp. 28-31.
[2]

of which are non-core claims that are based-upon state law.  Avdoulos Adv. Proc. D.E. 1.  Third-Party Defendants Nick Letsios, Marina Letsios, and Bebry (the "Letsios Management Defendants") readily admit (in their motion to dismiss the Third-Party Complaint) that all of Third-Party Plaintiffs' claims are non-core claims based on state law.[3]  Thus, even putting aside the *Stern* constitutionality requirement, the primary *Orion* Factor weighs in favor of granting the motion for withdrawal of the reference because the majority of the claims are non-core. *See*, *e.g.*, *Geron v. Levine (In re Levine)*, No. 11 Civ. 9101, 2012 U.S. Dist. LEXIS 12292 (S.D.N.Y. Feb. 1, 2012) (withdrawing the reference of an entire adversary proceeding containing a mix of both core and non-core claims).

The second *Orion* factor also favors withdrawal of the reference because allowing the Trustee to pursue its claims in the Bankruptcy Court while the third-party action proceeds in the District Court (or State court, as the Trustee suggests) would result in duplicative proceedings in two separate courts that would not only be a complete waste of judicial resources, but would create the potential for inconsistent findings and verdicts, particularly with respect to the Trustee's claims to recover some $3,163.080.84 in rent payments based on the "Rent Concession Agreement" – a document which Avdoulos alleges is a forgery.

Furthermore, because the Bankruptcy Court lacks authority of all of the claims – both core and non-core for the reasons state above – allowing the claims to go forward in the Bankruptcy Court would grossly inefficient because the District Court would be forced to review the Report and Recommendation of the Bankruptcy Court on every single claim and entertain what inevitably would be extensive motion practice and briefing by the parties before a full and final judgment could be entered.

---

[3] See Avdoulos Adv. Pro. D.E. 61 at Point B, pp. 17-22

The third *Orion* factor – consideration of delays and costs – also cuts in favor of withdrawal of the reference.  For the reasons stated above, the District Court is the only court that has jurisdiction and authority to adjudicate all of the claims at issue and render a full and final judgment.[4]  As to delays, the Bankruptcy Court has delayed the Adversary Proceeding for months in order to promote the sale of the Debtor's assets.  (Sitaras Decl., ¶¶ 5-9).  The Bankruptcy Court has not entered a pre-trial order or set a discovery schedule in the Adversary Proceeding. Accordingly, the Bankruptcy Court has demonstrated that the Adversary Proceeding has taken a back seat to the Bankruptcy Court's primary purpose of adjudicating bankruptcy estates, as opposed to adjudicating non-core claims.  As such, the District Court is in the best position to ensure the efficient and least costly means of adjudication.

The fourth *Orion* factor – promoting uniformity of bankruptcy administration – also cuts in favor of withdrawal because the Debtor's assets have been mostly, if not fully liquidated, and the Bankruptcy Court has not decided any substantive matters, it has not entered a pre-trial scheduling order and no discovery has been taken.  Thus, the entire case, starting with the entry of an initial pre-trial order, can be uniformly administered in the District Court at this point.

The fifth *Orion* factor – prevention of forum shopping – is a non-issue, despite the Trustee's arguments otherwise.  The Trustee argues that the withdrawal motion is "blatant forum" shopping because Third-Party Plaintiffs chose to bring the non-core claims in the Bankruptcy Court rather than in New York state court.  However, as discussed above, it would not make any sense for the Third-Party Plaintiffs to commence a separate action in State court since doing so would be a tremendous waste of judicial resources, resulting in duplicative proceedings that would only

---

[4] The Trustee is well-aware that his core claims for fraudulent conveyances based on federal Bankruptcy Law cannot be brought in state court based on lack of jurisdiction.  Accordingly, the Trustee's suggestion that the claims should be brought in state court is disingenuous.

heighten the risk of inconsistent findings on key issues and claims that would overlap. Indeed, there are overlapping claims for breach of fiduciary duty and breach of contract arising from the debtor's operating agreement. The Trustee claims that both Letsios and Avdoulos breached their fiduciary duties,[5] and Avdoulos, as the non-managing member of the Debtor, has asserted a claim for breach of fiduciary duty against Letsios (as well as the other Management Defendants) in the Amended TPC.[6] There are also overlapping material issues of fact to be decided, including, most notably, whether the Rent Concession Agreement upon which the Trustee has based its claims against the Third-Party Plaintiffs to recover some $3,163,080.84 in alleged rent overpayments.

Moreover, the Bankruptcy Court has not given any indication whatsoever as to how it perceives the parties' claims or defenses, and indeed, it has not had any opportunity to do so since the Bankruptcy Court has not considered any substantive motions, or even entered a pre-trial scheduling order. Instead, the Bankruptcy Court has abstained from considering the motions to dismiss or entering a pretrial order until the District Court decides the motion to withdraw the reference. (ECF at 1/21/2020) Accordingly, the Trustee's forum shopping argument has no merit.

In sum, the third-Party Plaintiff's motion for withdrawal of the reference should be granted.[7]

---

[5] The Debtor commenced a separate adversary proceeding against Northern Broadway Auto, LLC, Nikolaos Letsios, Valley Auto Show, LLC, and Respect Auto Queens I LLC on April 9, 2019, alleging, among other things, breach of fiduciary duty. *See*, *Northern Boulevard Automall, LLC v. Northern Broadway Auto LLC et al*, Adversary Proceeding No: 1-19-01045-nhl.

[6] *See*, Avdoulos Adv. Pro. D.E. 26, pp. 16-17, 19-23 [Amended TPC at First and Third Causes of Action].

[7] However, if this court decline to withdraw the reference for the Trustee's complaint, it is respectfully submitted that the court should still withdraw the reference for the entire third-party proceeding, which all parties acknowledge is comprised of non-core claims. 28 U.S.C. § 157(d) (A "district court may withdraw, **in whole or in part**, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.") (emphasis added).

**B.**    **Withdrawal of the Reference Would Not Violate the Administrative Order**

Contrary to the Respect Defendants' argument, the withdrawal of the reference would not violate the Administrative Order.  The Respect Defendants have misapplied the Administrative Order, and in citing to it, appear to have deliberately left out key language.  The Administrative Order provides, in relevant part,

> ORDERED that if a bankruptcy judge or district judge determines that a bankruptcy judge cannot enter a final order or judgment consistent with Article III of the United States Constitution in a particular proceeding referred under this order and designated as core under section 157(b) of title 28, **unless the district court orders otherwise**, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusions of law to the district court…

Administrative Order 601, as amended December 5, 2012 (emphasis added).

The omitted text – "unless the district court orders otherwise" – allows for the withdrawal of the reference by the District Court where, as here, it is warranted.

Furthermore, the Respect Defendants seem to ignore that the Administrative Order applies to core claims only.  While the Respect Defendants argue that adjudication should be committed to the Bankruptcy Court where "a bankruptcy court adversary proceeding includes issues that concern property of a bankruptcy estate or that implicate debtor and creditor relationships under review by the bankruptcy court", they conveniently ignore the fact that most of the claims asserted by the Trustee and *all* of the claims asserted by the Third-Party Plaintiffs, are non-core claims arising under New York law, that do not concern property of the Debtor or otherwise implicate creditor-debtor relationships.  The Respect Defendants' misguided application of the Administrative Order would require all claims – whether core or not – to be adjudicated first in the bankruptcy court.  The Administrative Order has never been applied in the manner suggested by the Respect Defendants, which is precisely the reason the District Court decided cases like

10

*Kirschenbaum v. Fed. Ins. Co. (In re EMS Fin. Servs., LLC)*, 491 B.R. 196, 200 (E.D.N.Y. 2013), which granted withdrawal of the reference.

In sum, the Respect Defendants' objections to withdrawal of the reference on the basis of the Administrative Order has no merit.

**C.**   **The Motion for Withdrawal of the Reference Is Timely**

Pursuant to 28 U.S.C. § 157(d), a "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Courts have typically interpreted timeliness for this type of motion to mean "as soon as possible after the moving party has notice of the grounds for withdrawing the reference." *Pryor v. Tromba*, No. 13-CV-676 (JFB), 2014 U.S. Dist. LEXIS 47969, at *19 (E.D.N.Y. Apr. 7, 2014) (internal quotations omitted). The determination of timeliness is done on a case-by-case basis. *Id.* When determining whether a motion for withdrawal of the reference was timely made, the court must evaluate the motion in context of the specific situation and must take into consideration the effect of the motion on the bankruptcy proceeding. *In re Texaco, Inc.*, 84 BR 911, 919 (Bankr. S.D.N.Y. 1988) ("Therefore, a motion is timely if it is made as soon as possible in light of the status of the bankruptcy proceedings.").

Courts have found that a motion for withdrawal of the reference was timely where the movant did not unreasonably delay and the opponent was not prejudiced. *Id.* In *Interconnect Tel Servs, Inc.*, 59 B.R. 397, 402 (S.D.N.Y. 1986), even though the defendants did not make the motion to withdraw the reference until more than a year elapsed from the time that the action was filed and the defendants engaged in discovery during that time period, the court still held that the motion was not untimely. The court found that the plaintiff had not been prejudiced by the delay. *Id.*

11

As for the instant action, only four months elapsed from the time that the Amended TPC was filed on September 16, 2019, and the date that the motion for withdrawal of the reference was filed on January 14, 2020. Moreover, the Trustee delayed the Adversary Proceeding for approximately two of those months, continuously adjourning the pre-trial conference, so that the Trustee and the Respect Defendants could devote themselves to closing on the sale of the Debtor's assets.[8] (Sitaras Decl. ¶ 12). The parties then adjourned the time for Third-Party Defendants to appear and answer or respond to the Third-Party Complaint until December 10, 2019, for the Management Defendants.

Moreover, unlike *Interconnect Tel Servs, Inc.*, the parties here had not engaged in any discovery and the Bankruptcy Court has not even issued a pre-trial order. Instead, the Bankruptcy Court has continuously adjourned the hearings in the Adversary Proceedings, and then abstained from considering or deciding the pending motions to dismiss until the District Court decides the instant motion for withdrawal of the reference.

In addition, during the interim months that passed between October 28, 2019, when the sale of the Debtor's assets closed, and January 14, 2020, when the instant motion was filed, the Trustee and the Third-Party Plaintiff had engaged in settlement discussions that progressed slowly due to the constraints of the Trustee who took months to respond to the Third-Party Plaintiff. (Sitaras Decl. ¶ 10). *See*, *Kentile Floors v. Congoleum Corp. (In re Kentile Floors)*, 95 Civ. 2470 (LLS), 1995 U.S. Dist. LEXIS 11421, at *5 (S.D.N.Y. Aug. 9, 1995) (*finding* that the movant waiting for the parties to complete mediation to file the motion for withdrawal of the reference was not untimely). Ultimately, if the motion to withdraw the reference was made earlier it would

---

[8] The sale of the Debtor's assets to the Respect II closed on or about October 28, 2019.

have undermined the bankruptcy court's prioritization of the sale of the Debtor's assets, the Trustee's administration of the sale, and disrupted the parties' settlement discussions.

Lastly, the Respect Defendants' contention that the motion to withdraw the reference is premature and should only be made after discovery is completed is nonsensical in light of the prevailing rule which, as discussed above, requires the motion be made as soon as possible after the movant has notice of the grounds giving rise to the motion.  The Respect Defendants' argument would also vitiate the rationale behind the rule that motions to withdraw be made promptly, namely, to judicial economy, ensure efficient adjudication and avoid abuses such as forum shopping and obstructionist tactics, none of which are an issue here.

**D.  <u>The Third-Party Defendants' "Familiarity" Argument is a Red Herring</u>**

The Respect Defendant and the Management Defendants each argue that the withdrawal motion should be denied because the Bankruptcy Court has greater familiarity with the claims.   In support of this argument the Respect Defendants rely on *Pryor*, No. 13-CV-676 (JFB), 2014 U.S. Dist. LEXIS 47969, while the Management  Defendants point to *In re Bernard L. Madoff Inv. Sec. LLC,* No.18-CV-9916 (VSB), 2020 WL 915822, at *5 (S.D.N.Y. Feb. 26, 2020), but both cases are easily distinguishable.   In *Pryor* the parties had engaged in over two years of litigation, completed discovery and filed motions for summary judgment, all before moving to withdraw the reference.    In *In re Bernard L. Madoff Inv. Sec. LLC,* the bankruptcy proceedings had been ongoing for over a decade.[9]  Neither case is even remotely comparable to the status of the case at bar.

---

[9] It should be noted that the Letsios Defendants have argued the completely contradictory positions that the Bankruptcy Court lacks subject matter jurisdiction over Third-Party Plaintiffs' claims as they are non-core, state law claims, while simultaneously arguing that this Court should deny withdrawal of the reference, thereby leaving Third-Party Plaintiffs without any forum in which their claims could be adjudicated.

Instead, the case at bar is much closer to *Kirschenbaum*, where the motion to withdraw the reference was made prior to any discovery or any substantive hearings before the court.  The Adversary Proceeding is still at a point where judicial economy would best be served by having all claims heard by this Court.  *Dynegy*, 905 F. Supp. 2d at 533 (holding that considerations of efficiency required withdrawal of the reference where the motion to withdraw was filed shortly after the complaint was filed, no discovery or motion practice had come before the bankruptcy court and the district court would be required to review de novo the bankruptcy court's proposed findings); *Kirschenbaum*, 491 B.R. at 205-06 (finding that "judicial resources will be better served" by withdrawal of the reference since the district court would still be required to review *de novo* any findings made by the bankruptcy court concerning the adversary proceeding); *Lehman Bros.*, 480 B.R. at 193 (holding that it would be "a waste of judicial resources to split the case between two different forums" even though the bankruptcy court may not have had constitutional authority to finally determine all of plaintiffs' claims).

**E. The Third-Party Plaintiffs' Claims Are Not Derivative**

The Trustee's sweeping contention that "all of the claims" asserted by the Third-Party Complaint are derivative and belong to the Trustee has no merit.  To support its baseless argument, the Trustee relies upon the first five paragraphs of the 235-paragraphs in the Third-Party Complaint, without delving into the substance of the actual claims.  Had the Trustee done so, it would have been obvious that Third-Party claims are not derivative.

The Second Circuit has defined "derivative claims" (in the context of a bankruptcy) as ones that "'arise[ ] from harm done to the estate' and that 'seek[ ] relief against third parties that pushed the debtor into bankruptcy.'" *In Re Bernard L. Madoff Inv. Securities LLC*, 740 F.3d 81, 89 (2d Cir. 2014); *quoting*, *Picard v. JPMorgan Chase & Co. (In re Bernard L. Madoff Inv. Sec.*

*LLC)*, 721 F.3d 54, 70 (2d Cir. 2013). To make this determination, the court must examine the "factual origins of the injury and, more importantly, into the nature of the legal claims asserted." *Id.*; *citing*, *Johns-Manville Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.)*, 517 F.3d 52, 67 (2d Cir. 2008). If the claim could be brought by any creditor of the debtor, then the trustee is the party with standing to assert the claim, with all creditors bound by the result of the trustee's claim. *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.,* 884 F.2d 688, 704 (2d Cir.1989); *citing*, *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1107 (2d Cir. 1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1642, 1643 (1989); *Cumberland Oil Corp. v. Thropp,* 791 F.2d 1037, 1042-43 (2d Cir. 1985), *cert. denied,* 479 U.S. 950, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986).

A plaintiff has standing if the injuries alleged are "particularized", as opposed to derivative. An injury is said to be "particularized" when the harm caused to the plaintiff can be directly traced to the third party's conduct. *PepsiCo, Inc.,* 884 F.2d at 704. Therefore, where facts alleged in a complaint seeking recovery due to fraud by a third-party that would have supported a claim by the trustee for same, such claims were not discharged by the bankruptcy proceeding where the plaintiff had particularized its claims by alleging specific misrepresentations of fact made by the third party in furtherance of a conspiracy to defraud the plaintiff. *Bankers Trust Co.,* 859 F.2d at 1107.

Here, Third-Party Plaintiffs have alleged particularized claims, damages and injuries that cannot be claimed by Debtor or any other creditor of Debtor.

The First Cause of Action in the Amended TPC is for Breach of Fiduciary Duty by Avdoulos, as a non-managing, passive member of the Debtor, against Letsios, the managing member, based on his fraudulent conduct toward Avdoulos. (Avdoulos Adv. Pro. D.E. 26, pp. 16-17). Letsios, as the managing member and majority owner of Debtor, owed Avdoulos fiduciary duties of care and loyalty, which were particular to Avdoulos, and independent of his duties to the

Debtor.  "New York courts have held that managing an LLC 'gives rise to a relationship among the members which is analogous to that of partners, who, as fiduciaries of one another, owe a duty of undivided loyalty to the partnership's interests." *Dardashtian v. Gitman*, 2017 U.S. Dist. LEXIS 196271, at 16 (S.D.N.Y 2017) (17 Civ. 4327), *citing*, *Kalikow v. Shalik,* 43 Misc. 3d 817, 986 N.Y.S.2d 762, 768 (N.Y. Sup. Ct. 2014) (recognizing that Section 409(a) of the N.Y. Limited Liability Company Law sets forth the duties of a manager to other members of the LLC and requires the manager to perform its duties in good faith and undivided loyalty).  Thus, Avdoulos, as a non-managing member of the Debtor, has rights to pursue Letsios to recover damages arising from his breach of his duties of loyalty and care.

The Second Cause of Action is for Breach of Contract by Avdoulos against Letsios based on the express terms of an operating agreement that they entered into in relation to the Debtor. (Avdoulos Adv. Pro. D.E. 26, pp. 17-19).   The Amended TPC alleges the ways in which Letsios materially breached the Operating Agreement and how Avdoulos, individually, was damaged by such breaches.  Under the Section 4.5 of the Operating Agreement, Letsios may be held liable to Avdoulos to the extent his gross negligence or willful misconduct in the performance of his duties and responsibilities as a manager.[10] Avdoulos has alleged gross negligence and willful misconduct on the part of Letsios, *to wit*, creating a forged "Rent Concession Agreement", obtaining four vehicle loans in Avdoulos' name without his knowledge or consent, and engaging in a scheme with the Respect Defendants to render Debtor insolvent, leaving Avdoulos holding the bag on millions of dollars in liabilities.   The cause of action for breach of contract against Letsios is only available to Avdoulos and not to the Debtor. Accordingly, Avdoulos has standing to assert his

---

[10] See Adv. Pro. D.E. 26 at ¶ 33

direct claim for breach of contract claim as against Letsios resulting from Letsios' breach of the operating agreement.

The Third Cause of Action in the Amended TPC is for breach of fiduciary duty by Avdoulos as against the Management Defendants. (*Id*, at pp. 19-23). The Management Defendants operated the day-to-day business operations and financial affairs of the Debtor, which includes tasks and responsibilities such as entering sale and lease transactions upon the books and records of the Debtor, collecting and disbursing funds, processing leases, sale agreements, credit applications and retail installments contracts, and overseeing and implementing the floor plan financing and dealing with creditors of the Debtor.  The Management Defendants each owed the Debtor and its members, the utmost good faith, loyalty, and fidelity in their respective dealings with the Debtor and its non-managing member, Avdoulos.  The Management Defendants breached that duty, causing Avdoulos to suffer damages.

The fourth cause of action in the Amended TPC is for fraud and constructive fraud as against the Management Defendants. (*Id*, at pp. 23-25). The Amended TPC alleges, in detail, all of the ways in which the Management Defendants perpetrated frauds against Avdoulos and the Landlord Entities causing them damage.  Third-Party Plaintiffs have alleged particularized damages and injuries that cannot be claimed by Debtor or any other creditor of Debtor, such as the liability for the four fraudulent vehicle loans that the Management Defendants obtained in Avdoulos' name without his knowledge or consent.[11]  Indeed, because the proceeds of the four vehicle loans were kept by the Debtor, the Debtor suffered no harm, while Avdoulos, on the other hand, owes approximately $200,000 for vehicle loans to four separate lenders.  Surely, the Debtor

---

[11] See Adv. Pro. D.E. 26 at ¶¶ 80-88

17

has no claim or standing to recover for the vehicle loans, as the harm is particular to Avdoulos. Similarly, the trustee has no standing to assert a claim for the negative effect on Avdoulos' credit.[12]

Similarly, the claims arising from the forged "Rent Concession Agreement" are particular to the Third-Party Plaintiffs.  The Trustee has used the forged "Rent Concession Agreement" as a sword against the Third-Party Plaintiffs to recover no less than $3,163.080.84 in alleged rent overcharges.[13]  However, if the Third-Party Plaintiffs defeat the Trustee's claims or establish that the Rent Concession Agreement is a forgery, they will have incurred substantial costs and expenses in doing so (in particular, hundreds of thousands in legal fees) that would be recoverable by the Third-Party Plaintiffs from those responsible for the forgery, *i.e.*, the Management Defendants. The Trustee has no standing to recover damages incurred by the Third-Party Plaintiffs for having defended the Trustee's claims, but the Third-Party Plaintiffs would certainly have a claim against the person or people who forged the purported Rent Concession Agreement and caused their damages.

The Fifth Cause of Action in the Amended TPC is against the Respect Defendants for tortious interference with the operating agreement and in providing substantial assistance to Letsios in breaching his contractual obligations to Avdoulos.[14]  As such, the fifth cause of action against the Respect Defendants seeks to recover damages that are particular to Avdoulos.

The Sixth Cause of Action in the Amended TPC is for aiding and abetting breach of fiduciary duty as against the Marina Letsios and Janet Bebry, who provided substantial assistance to Letsios in breach his duties to Avdoulos.[15]  Avdoulos, as a non-managing member of NBA, has

---

[12] See Adv. Pro. D.E. 26 at ¶¶ 89-90, 121, 132, 152, 206
[13] See Adv. Pro. D.E. 1
[14] See Adv. Pro. D.E. 26 at ¶¶ 166-180
[15] The sixth cause of action in the Amended TPC is also as against George Papantoniou, however, he is not a party to the instant motion to dismiss.

rights to pursue Letsios to recover damages arising from his breach of his duties of loyalty and care, and if Mrs. Letsios and Bebry substantially assisted Letsios in violating his duties to Avdoulos as alleged in the Amended TPC, then Avdoulos is entitled to pursue them for aiding and abetting Letsios.

The Seventh Cause of Action in the Amended TPC is for aiding and abetting breach of fiduciary duty against the Respect Defendants.   Letsios, as the managing member and majority owner of the Debtor, owed Avdoulos fiduciary duties of care and loyalty, which are particular to Avdoulos, and independent of his duties to the Debtor itself.  Thus, Avdoulos, as a non-managing member of the Debtor, has rights to pursue Letsios to recover damages arising from his breach of his duties of loyalty and care, and if the Respect Defendants substantially assisted Nick Letsios in violating his duties to Avdoulos, as alleged in the Amended TPC, then Avdoulos is entitled to pursue them for aiding and abetting Letsios.

The Eighth Cause of Action Cause of Action in the Amended TPC is for legal malpractice and aiding breach against Stevan LaBonte, Esq. and his law firm for breach of their duties to Avdoulos, who was a client, and for aiding and abetting Letsios, their other client, in the commission of Letsios' breaches of his fiduciary duties to Avdoulos.

The Ninth Cause of Action in the Amended TPC is against all Third-Party Defendants for civil conspiracy. The same arguments regarding the unique and particular nature of the harms and causes of action that applies to the underlying torts, namely, breach of fiduciary duty, fraud and construction fraud perpetrated against Third-Party Plaintiffs applies to this cause of action. Accordingly, for the reasons set forth above, Third-Party Plaintiffs have standing to assert this claim.

The Tenth Cause of Action in the Amended TPC is for indemnification based on the damages suffered by Third-Party Plaintiffs as a result of the claims brought by the Plaintiff-Trustee.   It would be nonsensical for the Trustee to claim that it has standing to assert an indemnification claims which seeks to recover damages suffered by the Third-Party Plaintiffs as a result of having to defend against the Trustee's claims.  Rather, the indemnification cause of action, by definition, is unique and particular to the Third-Party Plaintiffs.

The Twelfth Cause of Action in the Amended TPC is seeking declaratory judgment that the alleged Rent Concession Agreement was a forgery.  Clearly this is a unique harm that is particular to the Third-Party Defendants as it is their authorizations and signatures that have been forged. This is not a cause of action that the Debtor or the Trustee would have standing to assert. Instead, only the Third-Party Plaintiffs have standing to assert this particular cause of action. While the Letsios Defendants rightly acknowledge that the Rent Concession Agreement was shown to creditors of Debtor by the Letsios Defendants in a manner that contributed to the Debtor's insolvency, the relief in the declaratory judgment sought herein can only be asserted by Third-Party Plaintiffs.

The Thirteenth Cause of Action in the Amended TPC is for deceit as against the Management Defendants.[16] It alleges that the Management Defendants made intentionally false statements to third-parties, including, but not limited to, the forged Rent Concession Agreement, in order to deceive them to the detriment of Third-Party Plaintiffs.  The harms suffered by Third-Party Plaintiffs are unique and particular to the Third-Party Plaintiffs, such as the damage to Avdoulos' creditworthiness, the damages he has incurred in defending himself against a

---

[16] The thirteenth cause of action in the Amended TPC is also as against George Papantoniou, however, he is not a party to the instant motion to dismiss.

$3,163,080.84 based on the fraudulent documents fabricated by the Management Defendants, and the hundreds of thousands of damaged. Such claims are clearly direct and not derivative in nature.

Accordingly, the Trustee's attempt to caste "all" of the Third-Party Plaintiffs' claims as derivative is entirely without merit.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Third-Party Plaintiffs' Motion to Withdraw the Reference should be granted in its entirety.

Dated: New York, New York
April 22, 2020

**MARCO & SITARAS, PLLC**
*Attorneys for the All Third-Party Plaintiffs*

By:          /s/*George Sitaras*
George Sitaras, Esq.
Peter Plevritis, Esq.
200 Liberty Street, 27th Floor
New York, New York 10281
Tel (212) 430-6410
Peter@gmgslaw.com
George@gmgslaw.com
